12-748-cv
*Abdul-Hakeem v. Parkinson, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

---

HABIBAH ABDUL-HAKEEM,

> *Plaintiff-Appellant,*

> v.                                                      No. 12-748-cv

CARA PARKINSON, CORRINE MCCARTHY,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**           JOHN R. WILLIAMS, Law Office of John R. Williams, New Haven, CT.


**FOR DEFENDANTS-APPELLEES:**          NANCY A. BROUILLET, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Corrine McCarthy, *pro se*, Waterford, CT.

Appeal from a January 26, 2012 judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Habibah Abdul-Hakeem ("plaintiff") began this action before the District Court, pursuant to 42 U.S.C. § 1983, alleging violations of the Equal Protection Clause of the Fourteenth Amendment by two of her supervisors, Cara Parkinson and Corrine McCarthy (jointly "defendants"), at the Connecticut Superior Court.[1] In a well-reasoned opinion of January 26, 2012, the District Court granted summary judgment to the defendants and dismissed plaintiff's complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Winfield v. Trottier*, 710 F.3d 49, 52 (2d Cir. 2013).

On the record before us, we conclude that the District Court properly granted summary judgment in favor of the defendants. "The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all persons similarly situated should be treated alike." *Brown v. City of Syracuse*, 673 F.3d 141, 151 (2d Cir. 2012) (internal quotation marks omitted). In the context of a § 1983 suit where the "color of state law is established, [an] equal protection claim parallels [a] Title VII [employment discrimination] claim." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004); *see also Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). "To establish a *prima facie* Title VII case, a plaintiff must demonstrate (1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009) (internal quotation marks omitted). "A showing of disparate treatment—that is, a showing that an employer treated plaintiff less favorably than a similarly situated employee outside his protected group—is a recognized method of

---

[1] We note that McCarthy, although technically proceeding *pro se*, has decided to rely entirely on Parkinson's counseled brief, without filing a separate brief of her own.

raising an inference of discrimination for the purposes of making out a *prima facie* case." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (internal quotation marks omitted).

The "standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases," such that "the comparator must be similarly situated to the plaintiff in all material respects." *Id.* at 494 (internal quotation marks omitted). "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Id* at 493-94 (internal quotation marks omitted). The District Court determined that although plaintiff had "identified seven alleged comparators," she provided "no factual support that a single alleged comparator performed similar job functions, was subjected to the same disciplinary standards, engaged in similar conduct, or was treated more favorably [than her]." *Abdul-Hakeem v. Parkinson*, No. 3:10cv747 (JBA), 2012 WL 234003, at *5 (D. Conn. Jan. 25, 2012). Upon an independent review of the record, we conclude that the District Court correctly held that plaintiff failed to establish circumstances giving rise to an inference of discrimination on the basis of her race in the absence of any evidence that she was treated differently than similarly situated individuals who were not members of her protected class. Accordingly, we affirm the judgment of the District Court, substantially for the reasons articulated in its opinion of January 26, 2012.

We have considered all of plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the January 26, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3